UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| STEVEN HEDRICK, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:04-cv-0015-RLY-WTL |
| | ) | |
| M.S.D. OF LAWRENCE TOWNSHIP, and | ) | |
| BRADFORD ESHELMAN | ) | |
|     Defendants. | ) | |

**ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

(filed under seal)

Plaintiff, Steven Hedrick, is a fifty-two year old African American male, who was formerly employed as Dean of Students at Lawrence Central High School ("LCHS"). Following his termination in November 2002 for alleged inappropriate contact with a female student, Plaintiff filed a Complaint against defendant, the Metropolitan School District of Lawrence Township (the "School"), alleging that his termination was the product of race discrimination in violation of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq*. ("Title VII"), 42 U.S.C. § 1981, and that he had been deprived of his occupational liberty interest without due process of law under the 5th and 14th Amendments through 42 U.S.C. § 1983. Plaintiff also brought a state law defamation claim against defendant Bradford Eshelman, the Assistant Superintendant of Human Resources for the School.

1

On April 12, 2005, the School filed a motion for summary judgment. In Plaintiff's Response, he admitted that his substantive due process and state law defamation claims were fatally flawed, and stated that he did not wish to further pursue those claims. Accordingly, the School's motion for summary judgment on Plaintiff's substantive due process and state law defamation claims is **GRANTED**.

With respect to Plaintiff's race discrimination claims under Title VII and Section 1981, the court finds the School's motion should be **DENIED**. The court finds genuine issues of material fact exist as to whether other Caucasian male teachers formerly employed by the School who were alleged to have engaged in inappropriate contact with female students – namely Tom Woodward, Michael Graham, Clifford Campbell, George Fallowfield, John Everett, and David Hunt – were similarly situated to Plaintiff and whether they were given more favorable treatment (i.e., allowed to resign, receive certain pay and benefits) than Plaintiff due, at least in part, to their race. Although Plaintiff held a position in administration and his comparators held positions as teachers, the School's sexual harassment policy applied to all staff, including teachers and administrators. *See Freeman v. Madison Metropolitan School Corp.*, 231 F.3d 374, 383 (7th Cir. 2000) ("[I]n determining whether employees are similarly situated, the inquiry varies depending upon the type of employer conduct at issue. For instance, where a male employee fired for sexual harassment claimed that women who engaged in similar conduct were not terminated, 'similarly-situated' employees would not necessarily be those who held the same job that he held, but rather would be those female employees who had been the

2

subject of comparable complaints of sexual harassment."). In addition, the same statutory procedures to effectuate the cancellation of an indefinite contract, Indiana Code § 20-6.1-4-11, applied to both teachers and to Plaintiff. Finally, the fact that the allegations against the Plaintiff may have been sufficient to support his termination does not eliminate the possibility that his termination was motivated, at least in part, by his race. *Venters v. City of Delphi*, 123 F.3d 956, 973 n.7 (7th Cir. 1997) ("The employee can prevail under Title VII so long as an illicit criteria played a motivating role in [his] discharge, even if another, legitimate criteria also played a role."). For these reasons, this case is ripe for jury review.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that Defendants' Motion for Summary Judgment is **GRANTED** in part and **DENIED** in part. Specifically, Defendants' motion with respect to Plaintiff's substantive due process and state law defamation claims is **GRANTED**, and Defendants' motion with respect to Plaintiff's race discrimination claims filed under Title VII and Section 1981 is **DENIED**.

**SO ORDERED** this  22nd   day of July 2005.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Electronic Copies to:

Denise K. LaRue
HASKIN LAUTER LARUE & GIBBONS
dlarue@hlllaw.com

Kevin B. McCoy
LOCKE REYNOLDS LLP
kmccoy@locke.com

Robb Alan Minich
HASKIN LAUTER LARUE & GIBBONS
robbminich@hotmail.com

Anthony W. Overholt
LOCKE REYNOLDS LLP
aoverholt@locke.com

Thomas E. Wheeler II
LOCKE REYNOLDS LLP
twheeler@locke.com