UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| STEVEN HEDRICK, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:04-cv-0015-RLY-WTL |
| | ) | |
| M.S.D. OF LAWRENCE TOWNSHIP and | ) | |
| BRADFORD ESHELMAN | ) | |
| Defendants. | ) | |

**ORDER ON DEFENDANTS' MOTION TO RECONSIDER PARTIAL DENIAL OF SUMMARY JUDGMENT**

Defendants move the court to reconsider the court's July 22, 2005 Order denying their motion for summary judgment with respect to Plaintiff's race discrimination claim. First, Defendants contend the court erred when it found an issue of fact as to whether Caucasian male teachers were similarly situated to Plaintiff, yet treated more favorably. Second, Defendants contend the court erred by failing to address pretext. Third, Defendants contend that because Plaintiff is a policy-making employee, he is not afforded its protections. 42 U.S.C. § 2000e(f). The court has read and reviewed the Defendants' motion, the supporting and opposing memorandums of law, as well as the applicable law, and finds that Defendants' motion should be **DENIED**. Although Plaintiff held an administrative position and his comparators were teachers within the same school corporation, there are enough similarities between the two to allow the case to go to the jury. For example, both were subject to the same sexual harassment policy and

1

termination procedure.  Moreover, Plaintiff was replaced by a Caucasian employee.  Further, an analysis of pretext does not change the outcome of the motion.  *Gordon v. United Airlines, Inc.*, 246 F.3d 878, 892 (7th Cir. 2001) (quoting *Graham v. Long Island*, 230 F.3d 34, 43 (2d Cir. 2000)) ("A showing that similarly situated employees belonging to a different racial group received more favorable treatment can also serve as evidence that the employer's proffered legitimate, nondiscriminatory reason for the adverse job action was a pretext for racial discrimination.").  Finally, Defendants first raised the "policy-making" exception in their reply brief.  "An argument introduced for the first time in a reply brief is waived."  *Fenster v. Tepfer & Spitz, Ltd.*, 301 F.3d 851, 859 (7th Cir. 2002).  Accordingly, the court will not consider the merits of that exception.

      **IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that Defendants' Motion to Reconsider Partial Denial of Summary Judgment is **DENIED**.

**SO ORDERED** this  7th   day of October 2005.


_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Electronic Copies to:

Denise K. LaRue
HASKIN LAUTER LARUE & GIBBONS
dlarue@hlllaw.com

Kevin B. McCoy
LOCKE REYNOLDS LLP
kmccoy@locke.com

Robb Alan Minich
HASKIN LAUTER LARUE & GIBBONS
robbminich@hotmail.com

Anthony W. Overholt
LOCKE REYNOLDS LLP
aoverholt@locke.com

Thomas E. Wheeler II
LOCKE REYNOLDS LLP
twheeler@locke.com